FILED
OCT 05 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jimmie McIver, )
)
    Plaintiff, )
)
v. ) Civil Action No. 17-1893 (UNA)
)
)
David J. Shulkin, )
)
    Defendant. )

MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* (IFP). Under the statute governing *in forma pauperis* proceedings, the Court is required to dismiss a case "at any time" it determines that the action, among other grounds, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

1

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Plaintiff sues the Secretary of the Department of Veterans Affairs for failing to interview him "for the [job] position that was posted [in May 2013] and for which I applied." Compl. at 1 and Attach. Allegedly, plaintiff was told that he was not qualified for the position for which he interviewed because he did not have "a CDL permit." Compl. at 1. In July 2013, plaintiff "filed a job discrimination complaint at the VA[.]" *Id.* In this case, plaintiff is "asking to be fully compensated and made whole in every way for being discriminated against." *Id.*

Although plaintiff mentions discrimination, he does not allege that (1) he is a member of a group protected by the federal antidiscrimination statutes, and (2) his membership contributed to the decision not to hire him. Plaintiff has simply failed to plead facts establishing the basis for federal court jurisdiction and any grounds for relief. Hence, this case will be dismissed without prejudice. A separate order accompanies this Memorandum Opinion.

Date: October **5**, 2017

United States District Judge