UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JIMMIE MCIVER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 17-1893 (RC) |
| ROBERT WILKIE,[1] | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

Plaintiff, appearing *pro se*, claims that the Department of Veterans Affairs ("VA") discriminated against him during a job interview in May 2013. Defendant has moved to dismiss the original complaint, ECF No. 1, under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds of failure to state a claim and failure to exhaust administrative remedies. *See generally* Def.'s Mot. to Dismiss the Compl. and Mem. of Law, ECF No. 15. The operative pleading, however, is plaintiff's "Claim for Relief," ECF No. 8, which was filed as an amended complaint ("Am. Compl.") in response to an order permitting plaintiff to adequately plead his claims. *See* Nov. 20, 2017 Order, ECF No. 6. Regardless, the asserted defenses apply to both pleadings and support dismissal. Therefore, the Court will grant defendant's motion for the reasons explained more fully below.

---

[1] By substitution pursuant to Fed. R. Civ. P. 25(d).

1

## II. BACKGROUND

Plaintiff alleges the following facts. In May 2013, he interviewed with "Mr. Mills" for a "WG-6 Driver Position" with the VA. Am. Compl. at 1. During the interview, plaintiff was asked if he had "a CDL and CPR Certification," although, according to plaintiff, "the position did not require *the applicant* to have a CDL or CPR certification."[2] *Id*. (Emphasis added.) Mr. Mills "told" plaintiff that he "did not qualify for the position" since he "did not have a CDL or CPR certification" and "ended the interview due to what [plaintiff] believed was discrimination by the VA." *Id*.

Plaintiff also alleges that his VA records "clearly" show that he is a "veteran with 10 Point preference," Opp'n at 2, ECF No. 17; therefore, he "was and should have been considered as being a Schedule A Hiring Authority for people with disabilities, service connected from combat war service." Am. Compl. at 1 (citing 5 C.F.R. § 213-3102(u), titled "Appointment of persons with intellectual disabilities, severe physical disabilities, or psychiatric disabilities"); Opp'n at 2. "For being discriminated against," plaintiff seeks "5.5 million dollars to settle this action." Am. Compl. at 1, 2.

## III. LEGAL STANDARDS

### A. Subject Matter Jurisdiction

Defendant asserts that jurisdiction is lacking over the claim predicated on plaintiff's status as a veteran because he has not exhausted his administrative remedies under the Veterans Employment Opportunity Act of 1998 ("VEOA"), 5 U.S.C. § 3330a, "and/or" the Uniformed

---

[2] The job announcement plaintiff has provided includes the following: "**REQUIREMENTS: THE INDIVIDUAL IS REQUIRED TO POSSESS THE PHYSICAL REQUIREMENTS TO SECURE AND MAINTAIN A VALID CLSS C OR ABOVE COMMERCIAL DRIVERS [sic] LICENSE (CDL), AND CARDIOPULMONARY RESUSITATION (CPR) CERTIFICATION**." Compl. Ex., ECF No. 1 at 2; Opp'n Ex. 1, ECF No. 17 at 8 (bolded and capitalized text in original).

2

Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4311. Def.'s Mem. at 5. Although defendant has not moved to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction [.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, the Court must examine the jurisdictional challenge first. *See Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008) ("Because Article III courts are courts of limited jurisdiction, we must examine our authority to hear a case before we can determine the merits.") (citations and internal quotation marks omitted)); *Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."); Fed. R. Civ. P. 12 (h)(3) (requiring dismissal "at any time" the court determines that it lacks subject matter jurisdiction).

Subject matter jurisdiction is both an Article III requirement and a statutory requirement. *See Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). "Jurisdiction of the lower federal courts is . . . limited to those subjects encompassed within a statutory grant of jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). As the party claiming jurisdiction, plaintiff bears the burden of establishing that the court indeed has subject matter jurisdiction. *Khadr*, 529 F.3d at 1115. Because the focus is on the Court's power to hear a claim, plaintiff's factual allegations are scrutinized closer than when considering the adequacy of a claim under Rule 12(b)(6). *See Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Moreover, the Court "may consider such materials outside the pleadings as it deems appropriate to resolve" the jurisdictional question. *Id*. at 14 (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992);

*Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) (other citation and internal quotation marks omitted)).

**B. Failure to State a Claim**

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The motion does not test a plaintiff's ultimate likelihood of success on the merits, but only forces the court to determine whether a plaintiff has properly stated a claim. *ACLU Found. of S. Cal. v. Barr*, 952 F.2d 457, 467 (D.C. Cir. 1991). "[W]hen ruling on a defendant's motion to dismiss [under Rule 12(b)(6)], a judge must accept as true all of the factual allegations contained in the complaint[,]" *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (citations omitted), and construe them liberally in the plaintiff's favor. *See, e.g., United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).

It is not necessary for the plaintiff to plead all elements of a prima facie case in the complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002); *Bryant v. Pepco*, 730 F. Supp. 2d 25, 28-29 (D.D.C. 2010). Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56

4

(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of the legal conclusions that are couched as factual allegations. *See Twombly*, 550 U.S. at 555. A *pro se* complaint, such as here "must be held to less stringent standards than formal pleadings drafted by lawyers . . . . But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton*, 567 F.3d at 681-82 (citations omitted).

## IV. DISCUSSION

### A. Subject Matter Jurisdiction

The VEOA "provide[s] preference eligible veterans with a method for seeking redress where their veterans' preference rights have been violated in hiring decisions made by the federal government." *Kirkendall v. Dep't of Army*, 479 F.3d 830, 837 (Fed. Cir. 2007). If a violation is found, "the agency is ordered to comply with the veterans' preference statutes and award compensation for any lost wages or benefits suffered by reason of the violation[,]" and if willful, the agency must pay "the aggrieved veteran 'an amount equal to backpay as liquidated damages.'" *Id.* (quoting 5 U.S.C. § 3330c(a)).

"In general, a veteran facing adverse personnel action in violation of the [VEOA] must appeal the action" to the Merit Systems Protection Board ("MSPB" or "Board") and, if dissatisfied, to the United States Court of Appeals for the Federal Circuit. *Lane v. Potter*, 699 F. Supp. 2d 358, 364 and n.3 (D. Mass. 2010) (citing 5 U.S.C. § 3330a (d)(1)). *See Fornaro v. James*, 416 F.3d 63, 66-67 (D.C. Cir. 2005) ("recogniz[ing] . . . the exclusivity of the remedial and review provisions of the CSRA [Civil Service Reform Act]," which provide ultimately for

5

"review of MSPB decisions in the Federal Circuit") (citations omitted)). Jurisdiction is conferred in the federal district court "only if" a veteran "first terminates the appeal to the MSPB and then files in the appropriate district court within 60 days of such termination."[3] *Lane*, 699 F. Supp. 2d at 364 (citing 5 U.S.C. § 3330b(a)).[4]

Plaintiff has not responded to defendant's jurisdictional argument. His filings, moreover, do not suggest that he submitted an appeal to the MSPB, let alone terminated an appeal and commenced a timely lawsuit. Therefore, plaintiff's veterans' preference claim must be dismissed for want of subject matter jurisdiction. *See Lane*, 699 F. Supp. 2d at 364 (finding

---

[3] The USERRA, which defendant also mentions, prohibits "Discrimination against persons who serve in the uniformed services and acts of reprisal[.]" 38 U.S.C. § 4311. It "provides that a person may submit an appeal against a Federal executive agency alleging discrimination on the basis of prior military service directly to the Board or he may submit such an appeal to the Board after he has filed a complaint with the Secretary of Labor, and proceedings there are exhausted." *Muse v. U.S. Postal Serv.*, No. DC-0752-98-0402-I-1, 1999 WL 317034 (M.S.P.B. May 7, 1999). Assuming without deciding that plaintiff has standing to proceed under the USERRA, the Court finds that any such claim would suffer the same jurisdictional fate as the VEOA claim. *See id*. ("[T]o establish *Board* jurisdiction under USERRA[,] [t]he requirements are: (1) performance of duty in a uniformed service of the United States; (2) an allegation of a loss of a benefit of employment; and (3) an allegation that the benefit was lost due to the performance of duty in the uniformed service.") (citing *Yates v. Merit Systems Protection Board*, 145 F.3d 1480 (Fed. Cir. 1998) (emphasis added)).

[4] The statute provides:

> (a) In lieu of continuing the administrative redress procedure provided under section 3330a(d), a preference eligible, or a veteran described by section 3330a(a)(1)(B) with respect to a violation described by such section, may elect, in accordance with this section, to terminate those administrative proceedings and file an action with the appropriate United States district court not later than 60 days after the date of the election.
>
> (b) An election under this section may not be made--
>
> (1) before the 121st day after the date on which the appeal is filed with the Merit Systems Protection Board under section 3330a(d); or
>
> (2) after the Merit Systems Protection Board has issued a judicially reviewable decision on the merits of the appeal.
>
> (c) An election under this section shall be made, in writing, in such form and manner as the Merit Systems Protection Board shall by regulation prescribe. The election shall be effective as of the date on which it is received, and the administrative proceeding to which it relates shall terminate immediately upon the receipt of such election.

5 U.S.C. § 3330b.

jurisdiction lacking where "Plaintiff withdrew his appeal to the MSPB on December 17, 2007 and this action was not filed until August 2008, almost eight months later") (record citation omitted)).[5]

## B. Failure to State a Claim of Discrimination

Defendant's remaining arguments for dismissal under Rule 12(b)(6) presuppose that plaintiff is suing under the federal antidiscrimination statutes proscribing age and disability discrimination. *See* Mot. at 1-2. As discussed next, defendant is mistaken.

A federal claim of employment discrimination requires at the least factual allegations establishing that (1) the plaintiff is a member of a group protected by the federal antidiscrimination statutes, and (2) said membership contributed to the challenged adverse decision. *See Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1154-55 (D.C. Cir. 2004). Plaintiff counters that "there was never an allegation to the EO or anyone else that I felt I was discriminated against based on age. I presented the facts . . . that point to me not having a CDL and CPR Certification and not receiving preference based on my Special Hiring Authority Status."[6] Opp'n at 1. He maintains:

---

[5] The statutory requirement that a claim be presented first to an agency is generally "non-waivable" and "jurisdictional" because "'[a]bsent such a claim there can be no decision of any type'" to review. *Am. Hosp. Ass'n v. Hargan*, 289 F. Supp. 3d 45, 51 (D.D.C. 2017) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)), *aff'd sub nom. Am. Hosp. Ass'n v. Azar*, 895 F.3d 822 (D.C. Cir. 2018). Accordingly, under the VEOA, an individual must "exhaust his administrative remedies with the DOL [Department of Labor] before filing an appeal with the Board." *Gingery v. Dep't of Treasury*, 403 Fed. App'x 498, 502 (Fed. Cir. 2010) (citing 5 U.S.C. § 3330a(d); *Waddell v. U.S. Postal Serv.*, 94 M.S.P.R. 411, 414 (2003)). "In cases of non-selection under the VEOA, the Board typically determines whether an appellant has exhausted his remedies with the DOL based on whether the appellant submitted a complaint to the DOL "asserting that the agency violated his rights in connection with a specific position or vacancy announcement," so that DOL "can undertake an appropriate investigation." *Id*. (quoting *Wheeler v. Dep't of Def.*, 113 M.S.P.R. 376, 380 (2010)).

[6] Relatedly, plaintiff's references to disability are part of his veterans' preference claim. Given plaintiff's insistence about the nature of his claim, such references cannot reasonably be construed as invoking the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*. Even so, it is unlikely that any such claim would survive defendant's motion to dismiss for failure to exhaust administrative remedies. *See Taylor v. Small*, 350 F.3d 1286, 1292 (D.C. Cir. 2003) (noting that "[e]ven if Taylor had pleaded her claim under § 501 [of the Rehabilitation Act governing disability discrimination

> My claim continues to be the fact that I was discriminated against during a job interview for a position . . . as a Wage Grade – 6 driver position on May 2013. According to [5 U.S.C. § 2302 (b)(4)], deceiving/willfully obstructing right to compete for employment is prohibited. The glaring example is how the defendant changed the position from WG-6 to WG-7 without notice or posting the position. They change[d] the qualification for the job as the interviews were being conducted without explanation.

*Id*. That statement is wholly consistent with the amended complaint's description of the alleged discriminatory act being: "When Mr. Mills told me that I did not qualify for the position because I did not have a CDL or CPR certification [and] ended the interview[.]" Am. Compl. at 2. Such decisions are the province of the CSRA, which, as discussed above, "provides the exclusive remedy for adjudicating . . . personnel issues arising from federal employment" initially with the agency, then on appeal to the MSPB, and ultimately on review in the Federal Circuit. *Hovsepyan v. Blaya*, 770 F. Supp. 2d 259, 265 (D.D.C. 2011). Therefore, plaintiff has failed to state a claim upon which relief can be granted in this district court.

## V. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss will be granted. A separate Order accompanies this Memorandum Opinion.

_____/s/_____
RUDOLPH CONTRERAS
Date: November 15, 2018                                    United States District Judge

---

claims in federal employment], we doubt the district court would have had jurisdiction to entertain it because she failed to exhaust her administrative appeal rights") (citations omitted)).